# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SOUTHERN ENVIRONMENTAL LAW CENTER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:24-cv-00097 |
| TENNESSEE VALLEY AUTHORITY, | ) ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Southern Environmental Law Center ("SELC") respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is a suit for declaratory and injunctive relief challenging the Defendant Tennessee Valley Authority's ("TVA's") failure to respond timely to three requests for public information under the Freedom of Information Act ("FOIA").

2. SELC requested records pursuant to FOIA related to the Environmental Impact Statement ("EIS") prepared to assess TVA's plans to retire and replace its coal-fired Cumberland Fossil Plant (the "Cumberland Fossil Plant Retirement") pursuant to the National Environmental Policy Act ("NEPA"). NEPA requires agencies to take a "hard look" at environmental effects before acting and to involve the public in decision-making.

3. TVA has failed to comply with statutory deadlines to produce documents in response to these requests. This delay is detrimental to SELC's participation in environmental reviews of the project and the public's understanding of the project. Despite repeated attempts to

1

contact TVA and resolve the matter without litigation, SELC has not received any substantive responses or requested records.

4. SELC therefore seeks declaratory and injunctive relief from this court as provided under FOIA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 5 U.S.C. § 552 (FOIA grant of jurisdiction), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. §§ 2201, 2202 (authority to issue declaratory judgment and further necessary or proper relief).

6. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), SELC is "deemed to have exhausted [its] administrative remedies" because TVA has "fail[ed] to comply with the applicable time limit provisions" of FOIA.

7. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B), which provides for judicial review in the district "in which the agency records are situated"; under 28 U.S.C. § 1391(c)(2), which provides for venue in a district where the defendant is subject to the court's personal jurisdiction; and/or under 28 U.S.C. § 1391(e), which provides for venue in the district in which a defendant resides or in which substantial part of the events or omissions giving rise to the claim occurred in actions against an agency of the United States.

## PARTIES

### Plaintiff Southern Environmental Law Center

8. Plaintiff Southern Environmental Law Center is a 501(c)(3), nonprofit public interest environmental legal organization with a focus on six Southeastern states.

9. SELC is a "person" for the purposes of FOIA. 5 U.S.C. § 551(2).

10. SELC uses public advocacy and the law to protect the people and natural resources of the Southeast and, in particular, to gather, analyze, and disseminate public

2

information about activities affecting human health and the environment. SELC disseminates information to the general public through its website, *southernenvironment.org*, which is updated regularly, as well as through press releases, media interviews, social media, and public comment letters. SELC attorneys also regularly attend and speak at public meetings and hearings throughout the region, informed by and sharing their analysis of public information.

11. SELC has submitted public comments on TVA's power generation plans throughout the Southeast on its own behalf and on behalf of other interested organizations. Among other topics, these comments have called for TVA to transition from a system that heavily relies on fossil fuels to a portfolio of cleaner electricity resources. SELC is hampered in its efforts to effectively advocate on behalf of itself and organizations whose members are TVA ratepayers when the agency unlawfully delays access to public information like the records related to the Cumberland Fossil Plant Retirement at issue in this matter.

### Defendant Tennessee Valley Authority

12. Defendant Tennessee Valley Authority is a corporate agency and instrumentality of the United States created by and existing pursuant to the Tennessee Valley Authority Act of 1933. *See* 16 U.S.C. § 831 *et seq.* ("the TVA Act"). The TVA Act provides that TVA "[m]ay sue or be sued in its corporate name." 16 U.S.C. § 831c(b).

13. TVA is an "agency" within the definition provided by FOIA. 5 U.S.C. § 551(1).

14. TVA maintains its headquarters and FOIA office in Knoxville, Tennessee.

15. TVA has possession or control of the information at issue in this matter.

## LEGAL BACKGROUND

### Freedom of Information Act

16. The Freedom of Information Act reflects "a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." *Dep't of Air Force v. Rose*, 425 U.S. 352, 360–61 (1976) (quoting legislative history) (internal quotation marks omitted). FOIA "seeks to ensure that government officials are held accountable to an informed electorate," and "'[d]isclsoure, not secrecy, is the dominant objective of the Act.'" *Schell v. U.S. Dep't of Health & Hum. Servs.*, 843 F.2d 933, 937 (6th Cir. 1988) (quoting *Rose*, 425 U.S. at 361).

17. "[T]he time provisions of the Act are central to its purpose." *Hayden v. U.S. Dep't of Justice*, 413 F. Supp. 1285, 1288 (D.D.C. 1976). FOIA requires federal agencies to "promptly" make non-exempt records available upon request. 5 U.S.C. § 552(a)(3)(A). Agencies must "determine . . . whether to comply" with a request within 20 working days of receiving the request, and they must "immediately notify" the requester of that determination. *Id.* § 552(a)(6)(A). Agencies may extend their deadline for responding by up to 10 working days if unusual circumstances apply and they provide timely notice to the requester. *Id.* 5 U.S.C. § 552(a)(6)(B).

18. To make a "determination" under FOIA, "the agency must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013); *see also Martinez v. U.S. State Dep't*, No. 3-14-1616, 2015 WL 222210, at *2 (M.D. Tenn. Jan. 14, 2015). The agency must also "inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Citizens for Resp.*, 711 F.3d at 188.

19. FOIA obligates the responding agency to make "reasonable efforts to search" for the requested records. 5 U.S.C. § 552(a)(3)(C). Under FOIA, an agency bears the burden of "demonstrat[ing] that it has conducted a search reasonably calculated to uncover all relevant documents." *Ethyl Corp. v. U.S. EPA*, 25 F.3d 1241, 1246 (4th Cir. 1994) (quoting *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (internal quotation marks omitted)).

20. While an agency may withhold documents according to exemptions specified under FOIA, such exemptions must be expressly invoked, 5 U.S.C. § 522(b), and the agency bears the burden of establishing that withheld information is exempt from release. *Id.* § 552(a)(4)(B).

21. If an agency denies, in whole or in part, a request for records under FOIA, the agency must provide any "reasonably segregable portion" of each record after deleting any portions that are exempt under the statute. *Id.* § 552(b).

**TVA's FOIA Regulations**

22. TVA's FOIA regulations establish a multi-track processing procedure, by which TVA assigns FOIA requests to different "tracks" based "on the nature of the request and the estimated processing time, including a consideration of the number of pages involved." 18 C.F.R. § 1301.5(b).

23. According to the agency, Track 1 requests are the fastest to process and "ordinarily" will receive a response within 20 working days of receipt by the FOIA Officer. *Id.* § 1301.5(b)(1). TVA places requests on Track 2 if they will take longer for the agency to process, and requests placed on Track 3 are those that will take the longest to process. *Id.* § 1301.5(b)(2), (3).

## FACTUAL BACKGROUND

24. SELC has submitted three FOIA requests for records related to TVA's EIS for the Cumberland Fossil Plant Retirement since December 2022.

### SELC's December 2022 FOIA Request

25. On December 22, 2022, SELC submitted a FOIA request seeking records related to the U.S. Environmental Protection Agency's ("EPA's") cooperation and correspondence with TVA on issues in the Draft Environmental Impact Statement ("DEIS") for the Cumberland Fossil Plant Retirement from July 27, 2022 until the date of the search for responsive records. A true and correct copy of the FOIA request is attached as Exhibit 1.

26. On January 24, 2023, TVA's FOIA Officer, Denise Smith, acknowledged receipt of the request and assigned it tracking number 23-FOIA-00039. Ms. Smith noted that TVA would be unable to complete the request within 20 business days because records needed to be obtained and reviewed from other TVA offices and consultation with EPA would be required. The FOIA request was assigned to Track 3 pursuant to 18 C.F.R § 1301.5. A true and correct copy of this letter is attached as Exhibit 2.

27. TVA has not communicated with SELC about this request since January 24, 2023, and has not provided any records responsive to the request as of the filing of this complaint.

### SELC's March 2023 FOIA Request

28. On March 15, 2023, SELC submitted a FOIA request seeking all records related to the Final Environmental Impact Statement ("FEIS") for the Cumberland Fossil Plant Retirement, except for records cited in the FEIS or Record of Decision ("ROD") easily retrievable through TVA's website. A true and correct copy of the FOIA request is attached as Exhibit 3.

6

29. On March 16, 2023, Ms. Smith assigned the request tracking number 23-FOIA-00096 via email. A true and correct copy of the email is attached as Exhibit 4.

30. On April 12, 2023, Ms. Smith sent a letter notifying SELC that TVA would be unable to complete the request within 20 business days because the request required the search and review of records from other TVA offices. Once again, this FOIA request was assigned to Track 3 pursuant to 13 C.F.R. § 1301.5. A true and correct copy of this letter is attached as Exhibit 5.

31. SELC contacted Ms. Smith on July 12, 2023 for an update on the status of the March 2023 FOIA request. A true and accurate copy of the email inquiry is attached as Exhibit 6.

32. Ms. Smith then scheduled a call with SELC to discuss the request. On the call, Ms. Smith recommended SELC revise the FOIA request to expedite the agency's response by deleting the excepted language. SELC also readily agreed to review a list of potentially responsive files in order to better tailor the request. Four days after the call, Ms. Smith shared with SELC a spreadsheet describing the files in the Administrative Record for the Cumberland Fossil Plant Retirement FEIS, along with a screenshot of folder names. After reviewing this information, SELC agreed to narrow the scope of the March 2023 FOIA request and sent back a list of files it was willing to exclude on August 4, 2023. A true and correct copy of the email communications detailing this correspondence is attached as Exhibit 7.

33. On November 27, 2023, having heard nothing nor received any responsive records from TVA, SELC reached out to Ms. Smith for an update on the status of the March 2023 FOIA request. Ms. Smith responded that TVA was "working on this one" and that she "had a call with some people last week and we are searching to locate these items." A true and correct copy of this email communication is attached as Exhibit 8.

7

34. No one at TVA, including Ms. Smith, has communicated with SELC regarding its March 2023 FOIA request since late November 2023, and TVA has failed to provide responsive records as of the filing of this Complaint.

**SELC's April 2023 FOIA Request**

35. On April 20, 2023, SELC submitted a FOIA request for all records of TVA's contractual agreement with Concentric Energy Advisors, Inc. ("Concentric") related to a report developed by Concentric entitled *Assessment of the Draft Environmental Impact Study and Response to Certain Reports* and dated October 3, 2022, which was included as an appendix to the FEIS for the Cumberland Fossil Plant Retirement. A true and correct copy of this request is attached as Exhibit 9.

36. On May 17, 2023, Ms. Smith assigned the request tracking number 23-FOIA-00112 and acknowledged that TVA would be unable to complete the request within 20 business days because it would require search and review of documents from other TVA offices. The April 2023 FOIA request was also placed on Track 3 pursuant to 18 C.F.R. § 1301.5. A true and correct copy of this letter is attached as Exhibit 10.

37. On November 28, 2023, SELC emailed Ms. Smith for an update about the status of this request. On November 30, 2023, Ms. Smith responded that TVA did not have any information about this request. A true and correct copy of this email correspondence is attached as Exhibit 11.

38. As of the date of this filing, TVA has not provided any records responsive to the November 2023 request.

### SELC'S Constructive Exhaustion of Administrative Remedies

39. SELC has exhausted its administrative remedies because TVA has failed to make a "determination" on its FOIA requests within the prescribed statutory period. 5 U.S.C. § 552(a)(6)(A), (C).

40. TVA has not made an initial determination of whether it plans to fulfill SELC's FOIA requests.

41. TVA's placement of SELC's FOIA requests on Track 3 does not constitute an adequate "determination" under FOIA.

42. Contrary to the requirements for making a determination, TVA has not communicated the scope of the records it intends to produce in response to SELC's FOIA requests.

43. Contrary to the requirements for making a determination, TVA has not invoked a FOIA exemption for any of the records responsive to SELC's FOIA requests that it intends to withhold.

44. Contrary to the requirements for making a determination, TVA has not informed SELC of its right to administratively appeal any portion of the determination that is adverse.

45. TVA has not released any documents responsive to SELC's FOIA requests.

46. TVA has not provided a schedule of production for the responsive documents to any of SELC's FOIA requests.

### CLAIMS FOR RELIEF

**COUNT ONE: FOIA Violations Related to SELC's December 2022 FOIA Request**

47. SELC incorporates by reference all preceding paragraphs of this Complaint as if fully stated herein.

48. More than 20 working days have passed since the submission of SELC's December 2022 FOIA request.

49. TVA has not made a "determination" as required by 5 U.S.C. § 522(a)(6)(A) for SELC's December 2022 FOIA request.

50. TVA has violated FOIA by failing to conduct a reasonable search as is required by 5 U.S.C. § 552(a)(3)(C) for records responsive to SELC's December 2022 FOIA request.

51. TVA has violated FOIA by failing to provide SELC with all non-exempt records responsive to its December 2022 FOIA request.

52. By failing to make a determination, conduct a reasonable search, and provide SELC with all non-exempt records responsive to its December 2022 FOIA request, TVA has denied SELC's right to this information as provided by law under FOIA.

53. Unless enjoined by this Court, TVA will continue to violate SELC's legal right to be timely provided with the information requested in its December 2022 FOIA request.

54. SELC is directly and adversely affected and aggrieved by TVA's failure to provide responsive records to its December 2022 FOIA request, as described above.

**COUNT TWO: FOIA Violations Related to SELC's March 2023 FOIA Request**

55. More than 20 working days have passed since the submission of SELC's March 2023 FOIA request.

56. TVA has not made a "determination" as required by 5 U.S.C. § 522(a)(6)(A) for SELC's March 2023 FOIA request.

57. TVA has violated FOIA by failing to conduct a reasonable search as is required by 5 U.S.C. § 552(a)(3)(C) for records responsive to SELC's March 2023 FOIA request.

58. TVA has violated FOIA by failing to provide SELC with all non-exempt records responsive to its March 2023 FOIA request.

59. By failing to make a determination, conduct a reasonable search, and provide SELC with all non-exempt records responsive to its March 2023 FOIA request, TVA has denied SELC's right to this information as provided by law under FOIA.

60. Unless enjoined by this Court, TVA will continue to violate SELC's legal right to be timely provided with the information requested in its March 2023 FOIA request.

61. SELC is directly and adversely affected and aggrieved by TVA's failure to provide responsive records to its March 2023 FOIA request, as described above.

**COUNT THREE: FOIA Violations Related to SELC's April 2023 FOIA Request**

62. More than 20 working days have passed since the submission of SELC's April 2023 FOIA request.

63. TVA has not made a "determination" as required by 5 U.S.C. § 522(a)(6)(A) for SELC's April 2023 FOIA request.

64. TVA has violated FOIA by failing to conduct a reasonable search as is required by 5 U.S.C. § 552(a)(3)(C) for records responsive to SELC's April 2023 FOIA request.

65. TVA has violated FOIA by failing to provide SELC with all non-exempt records responsive to its April 2023 FOIA request.

66. By failing to make a determination, conduct a reasonable search, and provide SELC with all non-exempt records responsive to its April 2023 FOIA request, TVA has denied SELC's right to this information as provided by law under FOIA.

67. Unless enjoined by this Court, TVA will continue to violate SELC's legal right to be timely provided with the information requested in its April 2023 FOIA request.

68. SELC is directly and adversely affected and aggrieved by TVA's failure to provide responsive records to its April 2023 FOIA request, as described above.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. DECLARE that TVA has violated and is continuing to violate FOIA by failing to make a timely "determination" as required by 5 U.S.C. § 552(a)(6)(A) for SELC's requests.

B. DECLARE that TVA has violated and is continuing to violate FOIA by failing to complete an adequate search for records in response to SELC's requests;

C. DECLARE that TVA has violated and is continuing to violate FOIA by failing to provide SELC with all non-exempt documents responsive to SELC's requests;

D. DIRECT TVA to search for and provide all non-exempt, responsive documents to SELC without further delay;

E. RETAIN jurisdiction over this matter to rule, if necessary, on the adequacy of TVA's search for responsive documents or on assertions by TVA that any responsive documents are exempt from disclosure;

F. ORDER TVA to produce an index identifying any documents or parts thereof that it withholds and the basis for the withholdings pursuant to 5 U.S.C. § 552(a)(8) and 552(b) in the event that TVA determines that certain responsive records are exempt from disclosure;

G. AWARD SELC its reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

H. GRANT any other relief the Court deems just and proper.

Respectfully submitted this 29th day of February, 2024.

                                **SOUTHERN ENVIRONMENTAL LAW CENTER**

                                */s Gregory Buppert*
                                Gregory Buppert, TN BPR No. 024340
                                Carroll Courtenay, VSB No. 93449
                                    *Pro hac vice application forthcoming*
                                SOUTHERN ENVIRONMENTAL LAW CENTER
                                120 Garrett Street, Suite 400
                                Charlottesville, VA 22902
                                Telephone: (434) 977-4090
                                Facsimile: (434) 993-5549
                                gbuppert@selcva.org
                                ccourtenay@selcva.org

                                *Counsel for Plaintiff*