

1101 Market Street, Chattanooga, Tennessee 37402

July 24, 2024

Ms. Carroll Courtenay
Staff Attorney
Southern Environmental Law Center (SELC)

Dear Ms. Courtenay:

This responds to your June 10, 2024, appeal (Appeal Letter) of the initial determination by the Tennessee Valley Authority (TVA) on Trey Bussey's December 22, 2022, Freedom of Information Act (FOIA) request for records relating to TVA's cooperation with the U.S. Environmental Protection Agency (EPA) on issues in the Cumberland Fossil Plant Draft Environmental Impact Statement (EIS).  That request was processed under tracking number 23-FOI-00039.

As an initial matter, in early December 2022, TVA proactively published agency records that fall within this FOIA request, including three records resulting from the search: Appendix B: TVA's Final Alternatives Analysis, Appendix K: Agency and USFWS Consultation, and Appendix Q: Concentric Report.  If you do not already have copies, these records are publicly available here: https://www.tva.com/environment/environmental-stewardship/environmental-reviews/nepa-detail/cumberland-fossil-plant-retirement.  Let us know if you would like us to send you copies.

In a letter dated March 14, 2024, the FOIA Officer responded to the request producing four documents and withholding 13 documents, pursuant to FOIA Exemption 5.

In your appeal, you have challenged the adequacy of TVA's search for responsive records as well as TVA's withholdings under Exemption 5.  I have reviewed the adequacy of the search, the release of responsive agency records, and the application of FOIA exemptions to the withheld records.  Upon review, I uphold the FOIA Officer's determination.  I will address each of your challenges below.

Ms. Carroll Courtenay
Page 2
July 24, 2024

**Adequacy of Search**
In order to conduct an adequate search of records, an agency must make a good faith effort and employ methods reasonably expected to find the requested records. *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Larson v. Dep't of State*, 565 F.3d 857, 869 (D.C. Cir. 2009) (affirming adequacy of search based on agency's reasonable determination regarding records being requested and searched for accordingly).

In this case, the FOIA Officer sent the request to the individuals most likely to possess or have knowledge of such records. These individuals were specifically tasked with corresponding with the EPA on the Cumberland EIS. The FOIA Officer and TVA's legal counsel followed up with those individuals and collected the responsive records. By contacting and collecting responsive records from these individuals, TVA undertook a search that was "reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant." *CareToLive v. F.D.A.*, 631 F.3d 336, 340 (6th Cir. 2011) (citations omitted).

Your challenge that some of the produced records contain references that "indicate there may be other records related to EPA's review of and input on TVA's Cumberland EIS" is pure speculation (Appeal Letter at 2). Speculation that other records *may* exist is wholly insufficient to challenge the adequacy of an agency's search. *See, e.g., Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1486 (D.C. Cir. 1984) (holding that "speculative assertions" that documents may exist are insufficient to challenge the adequacy of an agency's search).

**Application of Exemption 5**
Of the 13 records withheld, five were email correspondence among parties that were either TVA employees (and therefore, intra-agency) or between TVA and EPA (and therefore, inter-agency), all of which contained pre-decisional discussions and deliberations on draft versions of the EIS language. These emails were created before the adoption of the Final EIS and are therefore pre-decisional and deliberative because they reflect give and take communications and clarification on certain inputs and language choices. The September 2, 2022, EPA communication referenced in your Appeal Letter is included in that category.

Eight of the records were draft versions of various EIS sections or appendices and did not represent the final versions (which are publicly available on TVA's website). These drafts were created before the adoption of the Final EIS, were subject to change, and did not reflect the final agency policy.

The withholding of the 13 records was proper under the pre-decisional and deliberative process privilege of Exemption 5, and due to their privileged nature,

Ms. Carroll Courtenay
Page 3
July 24, 2024

no portions of the records were reasonably segregable.  Deliberative information is protected from public disclosure in order to protect the openness and integrity of such deliberations and processes.  Release of the withheld Exemption 5 material would have a chilling effect on open and frank discussions and exchange of information within TVA on decision-making and policy formulation and would foreseeably harm those interests.  Furthermore, it is foreseeable that release of pre-decisional communications or early drafts that contain information that is different from the published final statement would be likely to cause public confusion and, thus, harm the interests protected by Exemption 5.

This is TVA's final determination on your FOIA request.  Under FOIA, you have the opportunity to seek judicial review of this final determination.  The provisions of 5 U.S.C. § 552(a)(4)(B) provide the processes for seeking such review.

Alternatively, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman, offers mediation services to resolve disputes between FOIA requesters and federal agencies as a non-exclusive alternative to litigation.  Using OGIS services does not affect your right to pursue litigation.  You may contact OGIS in any of the following ways:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road (OGIS)
College Park, MD 20740-6001
ogis@nara.gov
ogis.archives.gov
Phone: 202-741-5770
Phone (toll-free) 1-877-684-6448

Sincerely,

Buddy Eller
Vice President, Communications